IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD JAMES REEDY,

        Plaintiff,

v.

CLOOS, et al.,

        Defendants.

Civil No. 6:15-cv-01613-AC

FINDINGS AND RECOMMENDATION

DONALD JAMES REEDY
46026-048
La Tune Federal Correctional
Institution
P.O. Box 6000
Anthony, TX  88021

    Plaintiff *Pro Se*

BILLY J. WILLIAMS
United States Attorney
KEVIN DANIELSON
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR  97204

    Attorneys for Defendants Beth Cloos,
    Jennifer Pond, Michelle Bleth-Weber

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Plaintiff, an inmate currently housed at Federal Satellite Low - La Tuna, brings this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Currently before the Court is Defendants Beth Cloos, Jennifer Pond, and Michelle Bleth-Weber's Motion to Dismiss (#21). For the reasons that follow, Defendants' motion should be GRANTED.

## BACKGROUND

Plaintiff alleges claims against five individuals who are current or former employees of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution at Sheridan, Oregon ("FCI Sheridan"), where Plaintiff was previously incarcerated. The five Defendants include three nurses: (1) Beth Cloos; (2) Jennifer Pond; and (3) Michelle Bleth-Weber.[1] Defendants Cloos, Pond, and Bleth-Weber submit evidence establishing that they have been employees of the Public Health Service ("PHS") the entire time they have worked at FCI Sheridan. They move to dismiss Plaintiff's claims against them because they are absolutely immune from liability under *Bivens* for actions arising from the medical duties they performed within the scope of their PHS employment.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction

---

[1]The other two Defendants are Dr. Grasley and Dr. Jackson.

is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion. *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) may be either facial or factual. In resolving a "facial" attack, the court limits its inquiry to the face of the complaint, accepting the plaintiff's allegations as true. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005). In a "factual" attack, however, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Green v. United States*, 630 F.3d 1245, 1248 n.1 (9th Cir. 2011); *Safe Air*, 373 F.3d at 1039.

A claim of absolute immunity is properly brought as a motion to dismiss under Rule 12(b)(6). *See Uptergrove v. United States*, Case No. CV F 08-0303 AWI SMS, 2008 WL 2413182 at *5 (E.D. Cal. June 12 2008) ("where an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)).

## DISCUSSION

In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389, 397, (1971), the Supreme Court created a private action for damages against federal officials acting in their individual capacities who violate a person's constitutional rights. In *Hui v. Castenada*, 559 U.S. 799, 806 (2010), however, the Supreme Court held that Public Health Service officers and employees are exempt from liability under *Bivens*. Under 42 U.S.C. § 233(a), the exclusive remedies against PHS employees acting within the scope of their office or employment arise under

28 U.S.C. §§ 1346(b) and 2672. In *Hui*, the Court held that § 233(a) granted "absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the cope of their employment by barring all actions against them for such conduct." *Hui*, 559 U.S. at 806. Specifically, § 223(a) precludes *Bivens* actions against PHS officers and employees for alleged constitutional violations arising out of their official duties. *Id.* at 801-802.

Here, Defendants provide evidence that Cloos, Pond, Bleth-Weber were PHS employees at all relevant times alleged in Plaintiff's Complaint. The Complaint alleges these Defendants violated Plaintiff's rights in the course of their medical treatment of Plaintiff. Plaintiff does not challenge that Defendants Cloos, Pond, Bleth-Weber are PHS employees or that they were acting in the scope of their employment. Accordingly, Defendants Cloos, Pond, and Bleth-Weber are entitled to absolute immunity from a claim for damages under *Bivens*, and Plaintiff's claims against them should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

## RECOMMENDATION

For these reasons, I recommend that Defendants Cloos, Pond, and Bleth-Weber's Motion to Dismiss (#21) be GRANTED. This action should proceed solely on Plaintiff's claims against Defendants Grassley and Jackson.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 2, 2016. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

4 - FINDINGS AND RECOMMENDATION -

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 18th day of April, 2016.

John V. Acosta
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION -